# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

**SUSAN MARIE HUNTER,**

    **Plaintiff,**

vs.                                      **Case No. 1:18cv220-MW/CAS**

**GARY R. JONES,**
**and JESSICA J. LYUBLANOVITS,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has initiated this civil rights action by submitting a complaint, ECF No. 1, and a motion requesting in forma pauperis status, ECF No. 2. Although it does not appear that Plaintiff signed the affidavit under penalty of perjury, the motion sufficiently demonstrates that Plaintiff lacks funds with which to pay the filing fee for this case. Good cause having been shown, the motion should be granted and Plaintiff should not be required to pay the filing fee for this case.

Plaintiff's complaint has been reviewed to determine if it states a claim. ECF No. 1. Plaintiff sues United States Magistrate Judge Gary

Jones and Clerk of Court Jessica Lyublanovits. *Id.* at 3. The basis of her claim is that Judge Jones issued court orders that violated her due process rights and her First Amendment right of access to the court and right to redress of grievances. *Id.* at 4. She contends the Clerk "is working in collusion" with the Magistrate Judge to obstruct her rights. *Id.* As relief, Plaintiff seeks "judicial review for case 1:18cv193-MW" and questions the authority of Judge Jones. *Id.* at 6.

First, Plaintiff's complaint presents only conclusory allegations. Such a complaint is insufficient to state a claim. "A pleading that offers 'labels and conclusions' . . . will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (citation omitted). Federal Rule of Civil Procedure 8(a) requires "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." 556 U.S. at 678, 129 S.Ct. at 1949 (quoted in McCullough v. Finley, No. 17-11554, 2018 WL 5318146, at *5 (11th Cir. Oct. 29, 2018)). A complaint is sufficient only "if it alleges 'enough facts to state a claim to relief that is plausible on its face.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127

S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoted in McCullough, 2018 WL 5318146, at *3. "[L]egal conclusions 'must be supported by factual allegations.'" Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950 (quoted in 2018 WL 5318146, at *6). Here, Plaintiff has not alleged any facts to support her legal conclusions. Thus, the complaint is insufficient on its face to state a claim against either Defendant.

Second, it is unnecessary to permit Plaintiff to submit an amended complaint in this case because this case cannot be used to challenge court rulings issued in another case. If a litigant objects to an order of a United States Magistrate Judge, the litigant is permitted to file written "objections" to the presiding United States District Judge. Fed. R. Civ. P. 72. Plaintiff has an avenue of relief to challenge an order of Judge Jones. Furthermore, United States Magistrate Judges have authority to "hear and determine any pretrial matter" except those specifically excluded by statute.[1] 28 U.S.C. § 636(b)(1)(A).

---

[1] Plaintiff's referenced case, case number 1:18cv193-MW/GRJ, is currently pending in this Court. Although Plaintiff has not yet filed a proper complaint as directed in that case, see ECF No. 5, it appears that she seeks to challenge an adverse social security decision. Judicial notice is taken that Plaintiff currently has an appeal pending before the United States Court of Appeals for the Eleventh Circuit in a similar, prior case. See case # 1:17cv264-MW/CAS. Plaintiff is well aware that a magistrate judge may enter orders in such cases and present proposed findings and recommendations.

Case No. 1:18cv220-MW/CAS

Third, "[a] judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." McCullough, 2018 WL 5318146, at *6 (citing Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Dykes v. Hosemann, 776 F.2d 942, 945 (11th Cir. 1985) (en banc)). Plaintiff's complaint reveals she seeks to challenge orders entered by Judge Jones. Entering orders in a case is a judicial function and Judge Jones was acting within his judicial capacity. Because a judge has "absolute immunity" for such judicial acts, this case should be dismissed. See 2018 WL 5318146, at *6.

It is respectfully **RECOMMENDED** that the in forma pauperis motion, ECF No. 2, be **GRANTED**, but the complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted and because Plaintiff's claim against Defendant Jones is barred by absolute immunity.

**IN CHAMBERS** at Tallahassee, Florida, on November 6, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

28 U.S.C. § 636(b)(1)(C).

Case No. 1:18cv220-MW/CAS

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.